IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, DC, 20009,<br><br>            Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE<br>Washington, DC, 20511,<br><br>            Defendant. | Civil Action No. 17-163 |

## COMPLAINT

1. Plaintiff Electronic Privacy Information Center ("EPIC") seeks the expedited processing of a FOIA request for the "Complete ODNI Assessment," a record in the possession of Defendant Office of the Director of National Intelligence ("ODNI"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) (2017).

2. EPIC challenges the ODNI's failure to make a timely decision concerning EPIC's request for the report "Assessing Russian Activities and Intentions in Recent US Elections," (The "Complete ODNI Assessment"), and seeks injunctive and other appropriate relief.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552, (a)(6)(E)(iii), (a)(4)(B). This Court has personal jurisdiction over Defendant ODNI.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

1

**Parties**

5.     Plaintiff EPIC is a nonprofit organization, incorporated in Washington, DC, established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPICs mission is oversight and analysis of government activities. EPIC's Advisory Board includes distinguished experts in law, technology, public policy, and cybersecurity. EPIC routinely disseminates information to the public through the EPIC website, the EPIC Alert, and various other news organizations. EPIC is a representative of the news media. *EPIC v. Dep't of Def.*, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

6.     Defendant ODNI is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1). Defendant ODNI is headquartered in Washington, D.C.

**Facts**

**ODNI Assessment of Russian interference with the 2016 Presidential Election**

7.      On January 6, 2017, The ODNI published an assessment of the U.S. Intelligence Community ("IC") which stated that Russia carried out a multi-pronged attack on the 2016 U.S. Presidential Election to "undermine public faith in the US democratic process."[1] According to the ODNI, the Russian campaign included numerous cyberattacks on both the Democratic National Committee and the Republican National Committee.[2]

8.     The 5-page assessment ("Declassified ODNI Assessment") is a very limited version of the Complete ODNI Assessment, which is described as "a comprehensive intelligence report

---

[1] Office of the Dir. of Nat'l Intelligence, *Assessing Russian Activities and Intentions in Recent US Elections* ii (2017)*,* https://www.dni.gov/files/documents/ICA_2017_01.pdf [hereinafter Declassified ODNI Assessment].
[2] Eric Lipton, David E. Sanger, & Scott Shane, *The Perfect Weapon: How Russian Cyberpower Invaded the U.S.*, N.Y. Times (Dec. 13, 2016), http://www.nytimes.com/2016/12/13/us/politics/russia-hack-election-dnc.html.

assessing Russian activities and intentions in recent U.S. elections."[3] As the Declassified ODNI Assessment repeatedly states, "this version does not include the full supporting information on key elements of the influence campaign."[4]

9. There is an urgent need to make available to the public the Complete ODNI Assessment to fully assess the Russian interference with the 2016 Presidential election and to prevent future attacks on democratic institutions.

10. The Declassified ODNI Assessment failed to provide critical information about the extent and nature of the Russian interference.

11. The Declassified ODNI Assessment leaves critical questions unanswered. For example, while the report notes that "Russian actors" had been "targeting or compromising" democratic institutions including "state or local election boards" since "early 2014," the report provides no further detail on these intrusions or the extent of the damage or future threats involved.

12. The Declassified ODNI Assessment also did not identify which systems in the United States were attacked, whether voter records of Americans were obtained, the ongoing risks to U.S. political parties and other democratic institutions, or whether similar activities could impact democratic institutions in other countries.

13. These details contained in the Complete ODNI Assessment are of critical importance to the American public as it is their personal information that may have been obtained as a consequence of this cyber attack.

---

[3] U.S. Senate Select Comm. on Intelligence, *ODNI Statement on Declassified Intelligence Community Assessment of Russian Activities and Intentions in Recent U.S. Elections* (Jan. 6, 2017), https://www.intelligence.senate.gov/publications/assessing-russian-activities-and-intentions-recent-us-elections.

[4] Declassified ODNI Assessment, *supra* note 1 (disclaimer contained in header throughout the document).

14. These details contained in the Complete ODNI Assessment are also of critical importance to lawmakers in federal and state governments, as public officials seek to prevent future attacks on our democratic institutions.

15. EPIC promptly filed a FOIA request for the Complete ODNI Assessment, on January 9, 2017, following the release of the Declassified ODNI Assessment.

16. On January 15, 2017, members of the House Judiciary Committee insisted the FBI reveal any investigation of ties between Russia and the president.[5] In their letter to FBI Director James Comey, the Members cited multiple unanswered inquiries concerning the FBI response to the Russian interference.[6] The Chairman of the Senate Intelligence Committee has announced that he will investigate possible links between Russia and the Trump campaign.[7]

17. On January 18, 2017, the Senate Intelligence Committee initiated a bipartisan investigation of the Russian Interference with the 2016 election.[8] Senator Richard Burr (R-NC), Chairman of the Senate Select Committee on Intelligence, and Senator Mark Warner (D-VA), Vice Chairman, stated that the Committee will review of "any intelligence regarding links between Russia and individuals associated with political campaigns," and plans to use "subpoenas if necessary to compel testimony."[9]

---

[5] Letter from Members of the House Judiciary Comm. to James B. Comey, Dir. of the Fed. Bureau of Investigation (Jan. 12, 2017), https://democrats-judiciary.house.gov/sites/democrats.judiciary.house.gov/files/documents/HJUD%20Dems%20to%20Director%20Comey%201.13.17.pdf.
[6] *Id* at 1.
[7] Elana Schor, *Intelligence Committee Will Investigate Possible Russia-Trump Links*, Politico (Jan. 13, 2017), http://www.politico.com/story/2017/01/burr-says-intel-panel-will-investigate-possible-russia-trump-links-233621.
[8] Press Release, Sen. Richard Burr, Chairman of the Senate Select Comm. on Intelligence, and Sen. Mark Warner, Vice Chairman, Joint Statement on Comm. Inquiry into Russian Intelligence Activities (Jan. 13, 2017), https://www.burr.senate.gov/press/releases/joint-statement-on-committee-inquiry-into-russian-intelligence-activities.
[9] *Id*.

18. There are upcoming federal elections in Europe. The French national election is scheduled for April 23, 2017. The German national election is September 24, 2017.

19. For these reasons, there is a profound and urgent public interest in the release of the Complete ODNI Assessment, sought by EPIC, concerning the Russian interference with the 2016 Presidential Election. The release of this assessment is necessary for the public to evaluate the IC response to the Russian interference, assess threats to American democratic institutions, and to ensure accountability for these foreign cyber attacks.

### EPIC's FOIA Request

20. On January 9, 2017, EPIC submitted a FOIA Request to the ODNI's Information Management Division via email.

21. EPIC's FOIA Request sought a specific record in the possession of Defendant ODNI, the "unredacted ODNI 2017 report 'Assessing Russian Activities and Intentions in Recent US Elections,' (Jan. 6, 2017)," which was "referenced in the redacted version and is necessarily in possession of the agency." EPIC FOIA Request at 1.

22. EPIC sought "news media" fee status under 5 U.S.C. § 552(4)(A)(ii)(II), and a waiver of all duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii).

23. EPIC also sought expedited processing under 5 U.S.C. §§ 552(a)(6)(E)(i), (a)(6)(E)(v)(II).

24. The ODNI has not made a determination concerning EPIC's request for expedited processing, or any other determination concerning EPIC's FOIA Request

### EPIC's Constructive Exhaustion of Administrative Remedies

25. It has been 16 days since the FBI received EPIC's FOIA Request.

26. The ODNI has failed to make a determination regarding EPIC's FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(E)(ii)(I).

27. The ODNI's failure to make a determination within the statutory limit violates the FOIA.

28. EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count I

**Violation of FOIA: Failure to Timely Respond to Request for Expedited Processing**

29. Plaintiff asserts and incorporates by reference paragraphs 1–28.

30. Defendant ODNI has failed to make a determination regarding EPIC's request for expedited processing within ten days, and has thus violated the deadline under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 32 C.F.R. § 1700.12(b) (2017).

31. Plaintiff has constructively exhausted all applicable administrative remedies with respect to EPIC's FOIA Request under 5 U.S.C. § 552(a)(6)(C)(i).

## Count II

**Violation of FOIA: Failure to Grant Request for Expedited Processing**

32. Plaintiff asserts and incorporates by reference paragraphs 1–28.

33. Defendant's failure to grant plaintiff's request for expedited processing violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(i).

## Count III

**Violation of FOIA: Unlawful Withholding of Agency Records**

34. Plaintiff asserts and incorporates by reference paragraphs 1–28.

35. Defendant has wrongfully withheld agency records requested by Plaintiff.

36. Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendant's withholding of the requested records. 5 U.S.C. § 552(a)(6)(C)(i).

37. Plaintiff is entitled to injunctive relief with respect to the processing and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiff requests that this Court:

A. Order Defendant to promptly process EPIC's FOIA Request;

B. Order Defendant, upon the completion of processing, to immediately disclose to Plaintiff the Complete ODNI Assessment;

C. Order Defendant to produce the record sought without the assessment of search fees;

D. Order Defendant to grant EPIC's request for a fee waiver;

E. Award EPIC costs and reasonable attorney's fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Alan Butler

Marc Rotenberg, D.C. Bar # 422825
EPIC President and Executive Director

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

January 25, 2017